ELIZABETH A. BENSCHOTER, APPELLEE, V. HANNAH A.
ATKINS, APPELLANT.

1. **Power of Attorney:** HUSBAND AND WIFE. One B., a married man, being considerably in debt, obtained a power of attorney from his wife, as follows : " In my name, place, and stead to sign my name to all conveyances of real estate to which I have any right of dower, as to real estate both in the city of Chicago and in the town of Loup City, * * * giving and granting unto my said attorney full power and authority to do and perform all and every act and thing whatsoever required and necessary to be done in and about the premises, etc., * * it being intended to convey hereby all my right, title, and interest in and to the above described real estate." Afterwards, certain real estate of B. in Loup City was transferred to his wife, and conveyed by B. under the above power, the wife having notice that transfers of such property were being made by B. in her name. *Held*, That in view of the evidence, the words, " it being intended to convey hereby all right, title, and interest in and to the above described real estate," were to be construed as authority to B. to make such conveyances.

2. ———. Where the evident purpose of a power of attorney is to enable the attorney to control and convey lands obtained after the execution of such power, it will be so construed. *Benschoter v. Lalk*, 24 Neb., 251.

APPEAL from the district court of Sherman county. Heard below before GASLIN, J.

*A. S. Churchill*, for appellant.

No appearance for appellee.

COBB, J.

The plaintiff in the court below, by her amended petition, alleges that, by virtue of a quit-claim deed made, executed, and delivered to her on the 30th day of July, 1880, by William H. Lalk and Edward G. Krickbaum,

and which deed was on the same day filed for record and recorded in the office of the register of deeds, she is the legal owner, but not in the actual possession, of the following described real estate situate in Lalk and Krickbaum's second addition to Loup City, Sherman county, Nebraska, and more particularly described as lots 1, 2, 3, 4, 5, and 6, in block 1 ; also lot 20 in block 11, all in Lalk and Krickbaum's addition to Loup City ; that the said Hannah A. Atkins is not in the actual possession of the above described lots, but claims ownership, asserts title, and assumes to exercise control over said lots adversely to the claim and estate of the said plaintiff, by virtue of a quit-claim deed from one M. A. Theis, and that the said M. A. Theis claimed title to said lots, and assumed to convey the same to the said Hannah A. Atkins, by virtue of a warranty deed pretended to be made, executed, and delivered to him by said defendant Martin W. Benschoter, as the attorney in fact of the plaintiff, and not otherwise.  The plaintiff further alleged that the said defendant, Martin W. Benschoter, at the time of said pretended conveyance to said M. A. Theis, was not the attorney in fact of the plaintiff for the purpose of conveying said lots by warranty deed, or otherwise, and that he had no legal right or lawful authority to convey said lots to the said M. A. Theis by warranty deed, or otherwise, and that said pretended conveyance was and is null and void. With prayer that the said claim of the defendant, Hannah A. Atkins, to said lots may be judged and decreed null and void, and the said plaintiff's title quieted against the same, and for general relief.

The defendant, Hannah A. Atkins, answered, alleging, first, that she denies the allegations of the plaintiff's ownership of the lots in question; that she ever was, at any time, the owner of said lots, or that she derived any right, title, or interest therein by virtue of the said quit-claim deed.

Second. She alleges that Martin W. Benschoter was the real and equitable owner of the lots referred to in the plaintiff's petition at the time same were conveyed to said M. A. Theis by said Martin W. Benschoter; that said lots were purchased by said Martin W. Benschoter, and paid for by him out of his own property, and he was at the time the absolute owner in equity, subject only to the plaintiff's contingent right of dower therein, by virtue of her being the wife of said Martin W. Benschoter; that at the time of making said conveyance to said M. A. Theis the said Martin was duly and legally authorized by the letters of attorney of the plaintiff to sign her name to said conveyance, as he did in fact do; that the defendant is the owner of all of the said lots referred to in plaintiff's amended petition, for a valuable consideration. (?)

Third. That she admits that the said Martin W. Benschoter, for a valuable consideration, by warranty deed conveyed said lots to said M. A. Theis, who for a valuable consideration conveyed the same to the respondent, and she further alleges that the said Martin W. Benschoter was duly and legally authorized, as the agent of the plaintiff, to sell said lots, and did sell the same for their full value, which was then and there fully paid to the plaintiff, which she still retains; that said Martin W. Benschoter was duly authorized by written power of attorney, duly signed by the plaintiff and acknowledged by her as by law required, to make, execute, and convey by the necessary and proper conveyance all of plaintiff's right, title, and interest in said lots, and to sign plaintiff's name to such conveyance, as fully and completely as the plaintiff herself could have done.

Fourth. That the plaintiff and respondent's co-defendant, Martin W. Benschoter, are husband and wife, and reside together as such; that for the purpose of wronging, cheating, and defrauding, they combined and consorted together to defraud defendant herein, caused said lots and a large

number of other lots to be conveyed to the plaintiff, while
in truth and in fact they remained the property of the said
Martin W. Benschoter, and were held in secret trust for her
husband, and in furtherance of said fraudulent design,
caused the said Martin W. Benschoter to represent and
hold himself out to be the attorney in fact of the plaintiff,
and in fact did have such power of attorney from plaint-
iff, and in fact and in truth, while so acting as the agent of
the plaintiff, sold about one hundred lots in Lalk and
Krickbaum's second addition to Loup City, Sherman county,
Nebraska, to one C. T. C. Moore, for the consideration of
eleven hundred dollars, taking in payment thereof the note
of said Moore, payable to said Martin W. Benschoter, in
the sum of about seven hundred dollars, and on or about
the 14th day of July, 1881, in part payment of the note
of the said Moore, the said Moore reconveyed unto the
plaintiff thirty-six of the said one hundred lots; that said
one hundred lots were conveyed to said Moore by said
Martin W. Benschoter, as the attorney in fact of the plaint-
iff, among which lots so conveyed to said Moore, and by
him reconveyed as aforesaid to the plaintiff, are the lots in
question; that subsequently, and in furtherance of said
scheme, the plaintiff and said Martin W. Benschoter rep-
resented said Martin to be the agent of the plaintiff, and
he so held himself out, with the knowledge and consent of
the plaintiff, as her agent, duly authorized to sell and con-
vey said lots by letters of attorney duly executed and
acknowledged, to sell and convey all of said thirty-six
lots, among which are those in question; that for the con-
sideration of four hundred and twenty-five dollars cash in
hand they did sell and convey the said thirty-six lots to
the said M. A. Theis, and plaintiff received the considera-
tion therefor, and fully ratified said sale and conveyance,
and in the carrying out of said sale the plaintiff, by her
said attorney in fact, Martin W. Benschoter, made, exe-
cuted, and delivered unto said M. A. Theis a warranty

deed (a copy of which was attached to the said answer as an exhibit); that at the time of executing the said deed the said Martin had and exhibited to the said M. A. Theis letters of attorney, duly executed and acknowledged as by law required, fully authorizing Martin W. Benschoter to sell said lots and to convey the same and sign the name of the plaintiff thereto, and duly ratifying and confirming all her said attorney might do in the premises, which letters of attorney were not of record in the said county, which letters of attorney the said Martin then and there, at the time of the execution of the said deed, agreed to have at once recorded in the office of the county clerk of said county of Sherman ; that said M. A. Theis relied upon said agreement and representation to so have said letters of attorney recorded, accepted of said deed, and was not aware until the commencement of this suit that said letters of attorney were not so recorded; that said letters of attorney were withheld from record in furtherance of said scheme and design to cheat and defraud; that on the ...... day of December, 1882, for a valuable consideration, said defendant purchased the lots now in question of said M. A. Theis, among the balance of the said thirty-six lots, that the plaintiff now claims, for the purpose and with the intent of defrauding defendant, that the said Martin, her husband, was so authorized to sell and convey the same ;

* * * that by reason of said facts the plaintiff is now estopped to claim the said lots, the said Martin being the equitable owner, the plaintiff holding merely the bare, legal title thereto in trust for her husband, she having no other interest therein except to aid in defrauding the creditors of said Martin and purchasers from him.

Fifth. That said Martin was insolvent, and large judgments were against him at the time said property was so conveyed to the plaintiff, and they are still of record unsatisfied; that the property so conveyed was paid for by said Martin W. Benschoter from his own means; that this

defendant and her grantors are purchasers for value and in good faith, without knowledge of said fraud, which they have discovered since the commencement of this suit.

With prayer by the said answering defendant that the title in and to the said real estate may be quieted in her; that it be established and decreed that Martin W. Benschoter was duly authorized to sell said lots and to convey the same, and that the deed of conveyance be ratified and confirmed; or in case it be found that plaintiff did not so authorize such conveyance, then that it be found and established that she received the proceeds of the sale of said lots; that the conveyance be held to be a contract of purchase, and the plaintiff be required to convey the same, and upon her refusal or neglect to so convey, that then the decree so operate to convey said lots; or if it be found that the plaintiff held said real estate in trust for her husband, Martin W. Benschoter, then that said conveyance be held to operate as an assignment and conveyance of his estate therein, and of the plaintiff's contingent right of dower, and the plaintiff and her husband be directed to make the necessary conveyance to vest defendant with the legal as well as the equitable title; and in case they neglect or refuse for such time as the court may fix, then that the decree may operate to convey and confirm unto defendant the title thereto, and to quiet the same in her, and for general relief.

There was a trial to the court, with findings and a decree for the plaintiff, and a perpetual injunction against the defendant, Hannah A. Atkins, who brings the cause to this court by appeal.

The pleadings in the case as above set out are substantially the same as those in the case of *Benschoter v. Lalk et al.*, 24 Neb., 251, and the bill of exceptions is a literal copy of the bill in that case. It will, therefore, not be deemed necessary to comment upon the evidence, as we must follow the decision in that case. But as the defendant in the

case at bar, in and by her answer, prayed for affirmative relief, which does not appear to have been done in the case of *Benschoter v. Lalk, supra,* it is, upon consideration of the evidence, found that the said Martin W. Benschoter was duly authorized to sell and convey the said lots in the name of the plaintiff.

The judgment and decree of the district court is therefore reversed, the cause dismissed, and a decree for the defendant, Hannah A. Atkins, will be entered in this court, quieting the title in and to the real estate, in the petition and answer described as the property involved in this suit, in her.

JUDGMENT ACCORDINGLY.

THE other judges concur.